UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JENNIFER CHALK     Plaintiff

v.     Civil Action No. 3:25-cv-133-RGJ

LIFE INSURANCE COMPANY OF
NORTH AMERICA     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Life Insurance Company of North America ("LINA") moves this Court for an Order remanding Plaintiff's claim for long-term disability ("LTD") benefits to LINA for completion of the administrative process. [DE 10]. Plaintiff Jennifer Chalk ("Chalk") responded [DE 14], and LINA replied [DE 15]. This matter is ripe. For the reasons below, LINA's Motion for Administrative Remand and Stay of Proceedings [DE 10] is **GRANTED in part and DENIED in part**.

**I.     BACKGROUND**

On April 24, 2024, Chalk submitted a claim to LINA for short-term disability ("STD") benefits related to pain and discomfort from her right leg amputation and adjusting to a prosthesis. [DE 10 at 31]. LINA initially approved Chalk's STD benefits request through October 16, 2024. [DE 10-7 at 112]. However, LINA later denied STD benefits beyond this date and upheld the denial on administrative appeal. [*See* DE 10 at 31–30].

On October 30, 2024, Chalk submitted a separate claim to LINA for LTD benefits. [*Id.* at 31; DE 14 at 141]. Apparently by mistake, and contrary to LINA's internal policies, LINA filed Chalk's LTD claim materials in Chalk's STD claim file. [*Id.*]. LINA did not open a separate incident number or refer Chalk's claim to its LTD for review. [DE 10 at 31]. On February 19,

1

2025, Chalk inquired as to the status of her LTD claim and LINA informed her that there was no open LTD claim. [DE 14 at 143]. LINA did not notify Chalk of a decision on her LTD claim by December 8, 2024, or request an extension to notify her of its decision more than 45 days after her October 30, 2024 request, as required by federal regulations. [DE 14 at 141].

On March 4, 2025, Chalk filed a breach of contract action arising under 29 U.S.C. § 1132(a), the enforcement provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking benefits she claims she was entitled to under LINA's LTD policy (the "LTD Policy"). The Complaint asserted that LINA's failure to issue a decision on her LTD claim with 45 days meant that Chalk had exhausted her administrative remedies and was permitted to seek judicial relief. [DE 1 at 2–3 (the "Complaint")]. Following receipt of the Complaint, over four months after Chalk submitted her LTD claim, LINA opened a review of the claim. [DE 10 at 33].

LINA now moves this Court to remand this case to LINA for review of Chalk's LTD claim, and to stay proceedings pending the administrative review.

## II. DISCUSSION

### A. Motion to Remand

The parties agree that Chalk submitted an LTD claim on October 30, 2024, and that LINA failed to issue notice of its decision regarding the claim within 45 days, in violation of 29 C.F.R. § 2560.503–1(f)(3).[1] And it is undisputed that Chalk is "deemed to have exhausted" her administrative remedies pursuant to 29 C.F.R. § 2560.503-1(l) and is therefore entitled to sue for benefits under 29 U.S.C. § 1132(a). The only question before the Court is what the appropriate

---

[1] ERISA regulations require a plan's claims administrator to notify the claimant of an adverse benefit determination within forty-five (45) days of receiving a claim for disability benefits, subject to certain extensions not applicable here. 29 C.F.R. § 2560.503–1(f)(3). If the claim administrator fails to provide a determination within this time limit, the claimant is "deemed to have exhausted" his administrative remedies and can bring suit for any of the remedies made available under 29 U.S.C. § 1132(a). 29 C.F.R. § 2560.503–1(l).

2

remedy is for LINA's failure to conduct a review of Chalk's LTD claim within the statutory deadline.

LINA maintains that the Court should remand and stay the case so that it may complete the administrative review of Chalk's LTD claim. LINA asserts that remand is appropriate where "a procedural violation prevents a full and fair review, particularly where the administrative record is incomplete or insufficient, and there is no indication that a claims administrator will be unable to provide the due process denied." [DE 10 at 37]. That is the case here, where as a result of LINA's failure to issue a decision or initiate a review on Chalk's LTD claim before this lawsuit was filed, there is no administrative record for the Court to review.

In response, Chalk contends that remanding the case would frustrate the purpose of ERISA, would "reward" LINA for its inaction, and that remanding to LINA would not afford Chalk a "full and fair review" of her claim. [DE 14 at 155]. Further, Chalk argues that the administrative record is sufficiently developed because LINA has already made a determination with respect to Chalk's claim under the STD Policy, which includes a "similar if not the same definition of 'Disability.'" [*Id.* at 148]. "As such, rather than forcing her to go through the appeals process with LINA, it would be more expeditious and inexpensive for this Court to decide the issue of Disability based upon the information LINA already had in its possession and any additional evidence Ms. Chalk submits—after being given the opportunity to do so." [*Id.* at 150]. Accordingly, Chalk asks the Court to deny LINA's motion to remand and instead conduct a *de novo* review of her LTD claim. In the event the Court does grant LINA's motion, Chalk requests that the Court order LINA "pay [her] LTD benefits to date, continue to provide her benefits while they perform the claim review, and reimburse her attorneys' fees and costs." [*Id.* at 156–57].

Neither party acknowledges *Hackney v. Lincoln Nat. Life Ins. Co.*, No. 3:11-CV-268-TBR, 2012 WL 13343 (W.D. Ky. Jan. 4, 2012), in which a court in this district examined a "factually unique" case that is nearly identical to the instant case.[2] For reasons consistent with those set forth in *Hackney,* the Court will remand to LINA for a full and fair review of Chalk's LTD claim.

In *Hackney,* the plaintiff filed suit against the claims administrator following its failure to render a decision on his claim for LTD benefits due to "a procedural error by one of its employees." *See id.* at *2. Because the administrator's failure to render a decision amounted to a clear violation of 29 C.F.R. § 2560.503–1(f)(3), the only question was the "appropriate remedy." *Id*. While the plaintiff argued that the court should make a *de novo* determination regarding his eligibility for LTD benefits, the claims administrator argued that the court should remand the case for a decision on the plaintiff's LTD claim in the first instance. In concluding that remand was appropriate, the court relied heavily on *Elliot v. Metro. Life Ins. Co.,* 473 F.3d 613 (6th Cir. 2006), and *Shelby Cnty. Healthcare Corp. v. Majestic Star Casino, LLC Grp. Health Benefit Plan,* 581 F.3d 355 (6th Cir. 2009).

"*Elliott* . . . stands for the proposition that remand [to the claims administrator] is the appropriate remedy where a claimant is denied LTD benefits because of a problem 'with the integrity of [the plan's] decision-making process. . . .'" *Hackney,* 2012 WL 13343 at *4 (quoting *Elliot,* 473 F.3d at 622). In *Elliott,* the plaintiff sued her claims administrator following its denial of her claim for LTD benefits as well as her subsequent appeal. After reviewing the administrator's decision-making process, the Sixth Circuit held that its denial of the plaintiff's LTD benefits was arbitrary and capricious insofar as it "was neither deliberate nor based on reasoning." *Elliot,* 473 F.3d at 621. Having so held, the court next addressed whether it should either "award benefits to

---

[2] *Accord Basham v. Prudential Ins. Co. of Am.*, No. 3:11-CV-00464-CRS, 2014 WL 708491, at *1 (W.D. Ky. Feb. 24, 2014).

the claimant or remand to the plan administrator." *Id.* Ultimately, the court chose to remand to the administrator, explaining that "*where the problem is with the integrity of the plan's decision-making process,* rather than that a claimant was denied benefits to which he was clearly entitled, the appropriate remedy generally is remand to the plan administrator." *Id.* at 622 (citation modified) (emphasis added). In *Hackney,* the court cited *Elliot* for the proposition that "[w]here an insurance company's decision-making process was plagued by procedural errors, the claim should be remanded for a more complete review." *Hackney,* 2012 WL 13343 at *4. Accordingly, the court concluded that the administrator's failure to render a decision on the plaintiff's LTD benefits warranted remand for a full and fair review. *See id.* at 4–5.

In addition to *Elliott, Hackney* also discussed the Sixth Circuit's decision in *Shelby Cnty. Healthcare Corp. v. Majestic Star Casino, LLC Group Health Benefit Plan,* 581 F.3d 355 (6th Cir. 2009). In *Majestic Star,* the court followed *Elliott* in holding that "[r]emand . . . is appropriate in a variety of circumstances, particularly where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete." *Id.* at 373. Specifically, the court enumerated three circumstances in which remand is appropriate:

> First, a claim should be remanded where "the plan administrator fails to comply with ERISA's appeal-notice requirements in adjudicating a participant's claim . . . 'so that a full and fair review can be accomplish.' "Second, a claim should be remanded where "the plan administrator merely 'fail[ed] . . . to explain adequately the grounds of [its] decision.' "Finally, outside of "procedural irregularities, an incomplete factual record provides a basis to remand the case to the plan administrator."

*Hackney,* 2012 WL 13343 at *5 (citation modified) (quoting *Majestic Star*).

The court in *Hackney* concluded that "[a]ll three remand-warranting situations outlined in *Majestic Star* are present in this case." *Id.* First, the court noted that, "although this is a not a case where a plan administrator violated ERISA's appeal-notice requirements, it is a situation in which

5

the plan administrator violated ERISA's initial notice requirement contained in 29 C.F.R. § 2560.503–1(f)(3)." Reasoning that there was no justification for treating such a violation differently from procedural violations related to an administrative appeal, the court concluded this factor weighed in favor of remand. *Id.* Second, to the extent "[the] plan administrator never rendered a benefits determination," the court concluded that the claims administrator had failed to adequately explain the grounds of its decision. *Id.* Finally, the court explained that "this case is in a nascent stage with only a partial administrative record," meaning that "[a]ny *de novo* decision . . . would necessarily involve evidentiary matters that would best be resolved by the administrative process conducted by the claims administrator." *Id.* Based on these considerations, the court explained that "remand to the claims administrator for a full review consistent with the terms of the policy is the best remedy for a violation of the ERISA regulations resulting from an employee's procedural error." *Id.* at *4. Accordingly, the court remanded to the claims administrator for a full and fair review of the plaintiff's LTD claim.

Like *Hackney,* all three scenarios outlined in *Majestic Star* weigh in favor of remanding Chalk's LTD claim to LINA for a full and fair review. First, LINA clearly failed to comply with ERISA's initial-notice requirement insofar as it never notified her regarding its "decision" on her LTD claim. Just as in *Hackney*, the record shows that LINA's failure to comply with ERISA's notice requirements was due to a "a procedural mistake of one of its employees," *id.* at *3—in this case whichever employee failed to send Chalk's LTD claim form to the "LTD Team" upon receiving Chalk's "LTD claim form at the intake email address," as required by LINA's internal procedures. [*See* DE 10 at 31]. Although it is true that *Majestic Star* only referenced an administrator's failure to comply with ERISA's appeal-notice requirement, the court in *Hackney* found that there is no significant distinction between the two that might justify treating them

6

differently. And, second, by failing to render a decision in the first place, LINA certainly did not explain adequately the grounds of its decision.

Finally, although the record is developed with respect to Chalk's STD claim, the administrative record on her LTD claim remains insufficient. Indeed, beyond Chalk's initial application materials, there is nothing in the record related to Chalk's LTD claim. As illustrated by this Court's decision in *Smith v. Reliance Standard Ins. Co.*, No. 4:21-CV-128-RGJ, even when eligibility requirements between two claims are similar (but not identical), it does not follow that a complete decision on one claim will result in a sufficient record on the other. *See* 2024 WL 647395, at *10 (W.D. Ky. Feb. 15, 2024) (finding administrator's determination of the plaintiff's qualification for LTD benefits "based on [her] Total Disability from [her] occupation" did not provide a sufficient administrative record for the Court's *de novo* determination of the plaintiff's qualification for LWOP benefits "based on [her] Total Disability from any occupation for which [she was] suited by education, training, or experience"). Here, determination of Chalk's LTD claim requires a different "Disability" determination than did her STD claim, because she must show that she is "unable to perform the material duties of [] her Regular Occupation, *even with Reasonable Accommodation*." [DE 14 at 149. *Cf. id.* at 148 (STD Policy requires only proof that she is "unable to perform all the material duties of [her] Regular Occupation")]. Remand is therefore particularly appropriate because the administrative record does not contain information necessary to determine whether there are "Reasonable Accommodation[s]" in the first instance. *See Zuke v. Am. Airlines, Inc.*, 644 F. App'x 649, 655 (6th Cir. 2016) ("In this matter, we cannot say that Zuke is clearly entitled to benefits, only that there is a want of a deliberate, principled reasoning process. Therefore, we vacate the judgment of the district court and remand this case for

7

entry of an order requiring the defendants to conduct a full and fair review of Zuke's disability claim.") (citation modified).

Chalk's reliance on *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610 (6th Cir. 1992) is misplaced. In *VanderKlok*, the plan administrator had reached a decision on the plaintiff's disability claim but "failed to give plaintiff timely written notice of the denial," including "the specific reason or reasons for denial and the specific reference to pertinent plan provisions on which the denial [wa]s based." *Id.* at 615–16. Thus, when the Court of Appeals chose to remand the case to the district court rather than the plan administrator, the only "new evidence" for the district court to consider was any additional evidence the plaintiff did not have "the opportunity to present. . . in an administrative appeal." *Id.* at 617. The administrative record contained all "the medical evidence before [the defendant] at the time it denied disability benefits." *Id.* Here, in contrast, there is no decision by LINA on Chalk's LTD claim for this Court to review. Although there will likely be similarities in the medical evidence submitted, the record will need development with respect to other previously unconsidered issues, such as the availability of potential accommodations.

Accordingly, the Court **GRANTS** LINA's request for an administrative remand. This matter is remanded to LINA for a full and fair review of Chalk's LTD claim consistent with the terms of the LTD Policy. Because this matter is remanded to LINA, with the possible limited exception of further proceedings on Chalk's motions, as discussed below, LINA's request for a stay is **DENIED as moot.**[3]

---

[3] LINA cites no authority for its request to stay proceedings in addition to issuing a remand order. Nor does LINA address the standard for ordering a stay. In any event, the Court finds issuing a stay would serve no purpose as the matter is to be remanded to LINA.

## B. Chalk's Additional Requests

Finally, Chalk requests that, in the event the case is remanded to LINA, "the Court enter a schedule to address the requisite damages, including past-due benefits and attorneys' fees and costs." [DE 14-1 at 157, n.52]. LINA does not address Chalk's request in its Reply. [DE 15].

In relevant part, 29 U.S.C. § 1132(g) provides that "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." To recover for attorney's fees under ERISA, the claimant must first establish eligibility to receive attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(1); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). Once a claimant has established its *eligibility* to receive attorney's fees, a court must determine whether the claimant is *entitled* to a fee award. *Geiger v. Pfizer, Inc.*, 549 F. App'x 335, 338 (6th Cir. 2013).

In this case, it appears that Chalk is eligible to receive a fee award because she has achieved some degree of success on the merits by virtue of the remand order. "The ultimate success of her claims is not relevant to the eligibility determination. The remand alone is enough to establish eligibility." *Card v. Principal Life Ins. Co.*, No. CV 5:15-139-KKC, 2022 WL 15512209, at *3 (E.D. Ky. Oct. 27, 2022).[4]

---

[4] Other district courts in this Circuit considering this question have come to the same conclusion. *See Thies v. Life Ins. Co. of N. Am.*, 839 F. Supp. 2d 886, 890–91 (W.D. Ky. 2012) (collecting cases and finding that plaintiff was eligible for a fee award where the Court "remanded to LINA because it found that LINA's benefits determination was arbitrary and capricious").

9

If Chalk chooses to move for attorney's fees and costs under 29 U.S.C. § 1132(g), the briefing should address whether she is entitled to a claim for fees based on the five factors courts in the Sixth Circuit must consider:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Schwartz v. Gregori*, F.3d 1116, 1119 (6th Cir.1998) (quoting *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)), *cert. denied*, 526 U.S. 1112, 119 S.Ct. 1756, 143 L.Ed.2d 788 (1999).

*Majestic Star*, 581 F.3d at 376. The Court notes that while LINA did not formally open an LTD claim on behalf of Chalk until over four months after she filed the claim, and only after she resorted to litigation, even a finding that a denial of benefits was arbitrary and capricious does not necessarily mean there was culpability or bad faith for purposes of an attorney's fee award. *See Evans v. Metro. Life Ins. Co.,* No. 1:04 CV 44, 2005 WL 2100655, at *3 (E.D. Tenn. Aug. 2, 2005) (differentiating between a "deliberate or bad faith attempt to deny benefits" and an "honest mistake" which, though arbitrary and capricious, would not rise to the level of culpability); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996), 98 F.3d at 937 (referencing the district court's conclusion that the denial of plaintiff's pension claim "was erroneous, even arbitrary, but did not evidence a degree of culpability approaching bad faith"). *See also Majestic Star*, 581 F.3d at 377 ("Majestic erred in denying Weatherspoon's claim for benefits, but its erroneous interpretation of certain terms in its plan documents does not constitute culpable conduct for purposes of determining whether to award attorney fees.")

With respect to Chalk's request that the Court order LINA "pay [her] LTD benefits to date, [and] continue to provide her benefits while they perform the claim review," [DE 14 at 156–57],

10

Chalk cites no cases where courts have ordered similar relief under these circumstances. For the reasons discussed above, a determination of the merits of Chalk's claim is not possible on the current record. Moreover, awarding Chalk benefits, even temporarily, is at odds with the Court's decision to remand to LINA. *Compare Zuke*, 644 F. App'x at 655 (holding that remand is the appropriate remedy since the Court cannot say that claimant was clearly entitled to benefits); *with Neaton v. Hartford Life and Acc. Ins. Co.*, 517 F. App'x 475, 488 (6th Cir. 2013) (holding that when a claimant has previously been awarded long-term disability benefits and claimant has presented objective evidence of ongoing disability, the presumptive remedy for an arbitrary and capricious termination of benefits is a retroactive reinstatement of the benefits rather than remand) (citing *Houston v. Unum Life Ins. Co. of Am.*, 246 F. App'x 293, 303 (6th Cir. 2007) (holding the same).

Nevertheless, the Court grants Chalk leave to move for "the requisite damages, including past-due benefits, and attorneys' fees and costs," [DE 14-1 at 157, n.52], provided Chalk supports her requests with citations to authority and addresses the relevant standards. Chalk should file any motion no later than November 14, 2025, with briefing to follow pursuant to Local Rule 7.1.

### III. CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **ORDERS** as follows:

(1) LINA's Motion for Administrative Remand and Stay of Proceedings [DE 10] is **GRANTED in part and DENIED in part**. This case is remanded to LINA for a full review consistent with the terms of the policy.

(2) Chalk shall file any motion for further relief by **November 14, 2025**.

Rebecca Grady Jennings, District Judge
United States District Court

October 27, 2025